**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION**

JOHN SMALLWOOD,

    Plaintiff,

v.

TIMOTHY DALE DAVIS; T&A FARMS;
ALPHINE DAVIS; and STACY
DINWIDDIE,

    Defendants.

CIVIL ACTION NO.: 5:14-cv-87

**O R D E R**

Presently before the Court is Plaintiff's Brief in Support of Sheila Smallwood's Testimony Regarding Unequal Pay, which the Court construes as a Motion in Limine seeking the admission of certain testimony at trial. (Doc. 96.) Defendants filed a Response. (Doc. 97.) For the reasons which follow, the Court **DENIES** Plaintiff's construed Motion.

**BACKGROUND**

Plaintiff filed his Complaint against Defendants on October 28, 2014, pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.*, for employment discrimination. (Doc. 1, p. 2.) Plaintiff asserted Defendants denied him equal pay or work and decreased his work hours as acts of racial discrimination. (Id. at pp. 2–3.) Plaintiff filed an Amended Complaint on November 26, 2014, alleging employment discrimination under Title VII and discrimination under 42 U.S.C. § 1981. (Doc. 6, p. 2.) Plaintiff maintained Defendants subjected him to disparate treatment on the basis of his race. (Id. at pp. 6–8.) Defendants filed their Answer to Plaintiff's Amended Complaint on February 9, 2015. (Doc. 18.) On August 15,

2016, Defendants filed a Motion for Summary Judgment. (Doc. 65.) The Honorable Lisa Godbey Wood denied Defendants' Motion, in part, but found Plaintiff to have surrendered his Title VII claims against Defendants Alphine Davis and Dinwiddie. (Doc. 81, p.15 n.5.)

In the parties' Consolidated Pretrial Order, Defendants objected to Plaintiff eliciting testimony from Mrs. Smallwood regarding a document she claims to have seen during her employment at T&A Farms, which listed the names of employees at T&A Farms and their daily pay rates. (Doc. 85, p. 42.) Chief Judge Wood directed the parties to brief the issue of whether Mrs. Smallwood's testimony should be admitted or excluded as hearsay. (Doc. 96, pp. 1–2.) Plaintiff seeks the admission of Mrs. Smallwood's testimony regarding this document.

## DISCUSSION

Plaintiff asserts Mrs. Smallwood's testimony relating to the contents of this document is not hearsay, as she will not be offering a statement to prove the truth of the matter asserted. Instead, Plaintiff contends, Mrs. Smallwood will provide a description of a document she personally witnessed. (Id. at p. 2.) Plaintiff argues that, because Mrs. Smallwood's testimony stems from her personal knowledge of the document, her testimony is admissible under Federal Rule of Evidence 602. Additionally, Plaintiff contends Mrs. Smallwood will be present at trial and will be subject to cross-examination by Defendants' counsel. While Plaintiff agrees that the document itself would be the best evidence, Defendants informed him during discovery that this list no longer exists. (Id. at p. 3.) Thus, Plaintiff maintains, Mrs. Smallwood's testimony regarding this document becomes the best evidence.

Defendants respond that Mrs. Smallwood's proposed testimony relating to this document is hearsay and does not fit within the numerous exceptions to the hearsay rule. Defendants aver the document Mrs. Smallwood claims to have seen never existed, and therefore, Mrs. Smallwood

cannot have personal knowledge of employees' wages. (Doc. 97, p. 2.) In addition, Defendants assert the best evidence rule prohibits Mrs. Smallwood's testimony, as this rule does not allow a witness to testify from memory. (Id. at p. 3.)

The Court addresses the parties' contentions in turn.

I. **Whether Mrs. Smallwood's Testimony Related to the Document is Hearsay**

"Hearsay" means a statement that: (1) the declarant does not make while testifying at the current trial or hearing; and (2) a party offers in evidence to prove the truth of the matter asserted in the statement. Fed. R. Evid. 801. Hearsay is generally inadmissible at the trial of a case. See Fed. R. Evid. 802. Federal Rules of Evidence 803 and 804 set forth numerous exceptions to the rule against hearsay. Additionally, Federal Rule of Evidence 807—the residual exception to the hearsay rules—also allows the introduction of hearsay if specific circumstances are present. See Rivers v. United States, 777 F.3d 1306, 1311–12 (11th Cir. 2015) (quoting Fed. R. Evid. 807(a)). "The statement is admissible only if, before the trial or hearing, the proponent gives an adverse party reasonable notice of the intent to offer the statement and its particulars, including the declarant's name and address, so that the party has a fair opportunity to meet it." Fed. R. Evid. 807(b). "Congress intended the residual hearsay exception to be used very rarely, and only in exceptional circumstances[.]" United Techs. Corp. v. Mazer, 556 F.3d 1260, 1279 (11th Cir. 2009). The burden to satisfy the requirements of an exception to the rule against hearsay rests with the proponent of the evidence. United States v. Kennard, 472 F.3d 851, 855 (11th Cir. 2006); United States v. Acosta, 769 F.2d 721, 723 (11th Cir. 1985).

Despite Plaintiff's contentions to the contrary, Mrs. Smallwood's proffered testimony regarding the contents of a document she saw while employed at T&A Farms is hearsay. This document contains out-of-court written statements purportedly made by an unknown declarant.

3

Specifically, the writer of the document stated the daily rates that T&A Farms paid employees. Further, Plaintiff intends to have Mrs. Smallwood recount the out-of-court statements in the document to show the truth of the matter asserted in those statements, i.e., the pay rates of the employees. He intends to offer these statements to show that that black employees were paid a lower daily rate than their white counterparts.

Plaintiff does not explain why he thinks the statements in the documents are not hearsay.[1] However, it appears he rests his argument on the fact that Mrs. Smallwood saw the statements in documentary form. However, as other courts have held, allowing a witness to testify as to statements in documents poses the same hearsay problems as allowing a witness to recount an out of court declarant's oral statements. See United States v. Salinas-Garza, 20 F.3d 1171 (5th Cir. 1994) (overturning defendant's conviction where district court permitted agent to testify to contents of report, including fingerprint information); United States v. Marshall, 762 F.2d 419, 423 (5th Cir. 1985) (trial court committed reversible error by permitting witness to give prejudicial hearsay testimony summarizing the contents of store records in prosecution for missing merchandise). Moreover, the fact that the document that Mrs. Smallwood would summarize is missing does not somehow transform the document's statements to non-hearsay. For example, in United States v. Wells, 262 F.3d 455, 459–64 (5th Cir. 2001), a cooperating witness had testified at trial to his memory of the contents of previously-destroyed ledgers that purportedly contained information regarding amounts of drugs he and his friend had sold to the

---

[1] Plaintiff argues that Mrs. Smallwood has "personal knowledge" of the contents of the document because she saw the document, and therefore, her testimony does not contain hearsay. This line of reasoning misapprehends the concepts of personal knowledge and hearsay. Mrs. Smallwood does not have "personal knowledge" of the pay of T&A Farms' employees because she did observe those employees being paid. She only observed another person's recounting of those payments. In the proverbial law school hypothetical, if Mrs. Smallwood does not obtain personal knowledge as to whether a stoplight was red at the time of an accident simply by reading an eyewitness' statement that "the stoplight was red."

4

defendant. The Fifth Circuit Court of Appeals reasoned that allowing testimony summarizing the ledgers would be an "end run around the rule against hearsay." Wells, 262 F.3d at 462. Allowing Mrs. Smallwood to summarize the statements regarding T&A Farms' rates of pay would likewise run afoul of the hearsay rule.

Moreover, Plaintiff bears the burden of proving that a hearsay exception exists. Kennard, 472 F.3d at 855. Despite this burden, Plaintiff does not offer any argument that the statements Mrs. Smallwood intends to recount fall within a hearsay exception. This fact alone prevents the Court from allowing the testimony into evidence under a hearsay exception. In their Brief, Defendants argue against the statements being admitted under the business records exception.[2] Plaintiff has not argued, much less shown, that this document falls within this exception. Further, there is nothing before the Court which reveals who prepared this document, whether the document was kept in the regular course of business and as a regular practice of T&A Farms, or that Plaintiff could otherwise authenticate this document. See Wells, 262 F.3d at 462 (concluding that oral testimony of cooperating witness with respect to his memories of notations of drug sales apparently drafted by someone else several years earlier and destroyed soon thereafter did not fall within business records exception and lacked sufficient indicia of trustworthiness). Therefore, even if Plaintiff had argued that Mrs. Smallwood's testimony regarding the document falls within the business records exception, the Court has nothing before it to allow the testimony under that exception.

---

[2] Rule 803(6) requires the proponent to establish that: "(A) the record was made at or near the time by— or from information transmitted by—someone with knowledge; (B) the record was kept in the course of a regularly conducted activity of a business, organization, occupation, or calling, whether or not for profit; (C) making the record was a regular practice of that activity; (D) all these conditions are shown by the testimony of the custodian or another qualified witness, or by a certification that complies with Rule 902(11) or (12) or with a statute permitting certification; and (E) the opponent does not show that the source of information or the method or circumstances of preparation indicate a lack of trustworthiness." Fed. R. Evid. 803(6).

For all of these reasons, Mrs. Smallwood's testimony summarizing the contents of a purported document regarding T&A Farms' employees' wages is hearsay and inadmissible during the trial of this case.

**II.     Whether Mrs. Smallwood's Testimony Falls Within the Best Evidence Rule**

Given that Mrs. Smallwood's testimony of the contents of this document is barred by the rule against hearsay, the Court need not delve into Defendants' argument regarding the best evidence rule. However, given the potential for additional information to be offered at trial and in the interest of completeness, the Court will address this argument.

The best evidence rule, which is found in Federal Rule of Evidence 1002, states that "[a]n original writing, recording, or photograph is required in order to prove its content unless these rules or a federal statute provides otherwise." The Eleventh Circuit Court of Appeals "has held that 'Rule 1002 requires production of an original document only when the proponent of the evidence seeks to prove the content of the writing.'" Shackelford v. Publix Super Markets, Inc., No. 7:12-CV-03581-MHH, 2014 WL 5148461, at *9 (N.D. Ala. Oct. 14, 2014) (quoting Allstate Ins. Co. v. Swann, 27 F.3d 1539, 1543 (11th Cir. 1994)). Here, the best evidence rule is implicated because Mrs. Smallwood's testimony pertains to the contents of a document. Contra Swann, 27 F.3d at 1543 ("The question posed to [the witness] did not seek to elicit the content of any writing; therefore, Rule 1002 was not implicated."), and United States v. Howard, 953 F.2d 610, 612 (11th Cir. 1992) ("Since the proffered testimony was offered not to prove the content of the tapes, but rather, the content of the conversations, the best evidence rule does not apply").

"An original is not required and other evidence of the content of a writing, recording, or photograph is admissible if":

> (a) all the originals are lost or destroyed, and not by the proponent acting in bad faith; (b) an original cannot be obtained by any available judicial process; (c) the

> party against whom the original would be offered had control of the original; was at that time put on notice, by pleadings or otherwise, that the original would be a subject of proof at the trial or hearing; and fails to produce it at the trial or hearing; or (d) the writing, recording, or photograph is not closely related to a controlling issue.

Fed. R. Evid. 1004. There is a dispute between the parties as to whether this document no longer exists or whether it ever existed. Despite this dispute, what is clear is that this document does not currently exist and cannot be presented at trial. Moreover, there is no evidence that Plaintiff destroyed this document, if it ever existed, or acted in bad faith. Accordingly, under Rule 1004(a), an original of this document would not be required, and other evidence of the content of the document would be admissible.

However, by overcoming the best evidence objection to Mrs. Smallwood's relaying the contents of this document, Plaintiff does not overcome the rule against hearsay for the admission of this testimony. See Montoya v. Romero, 956 F. Supp.2d 1268, 1284 (D.N.M. 2013) ("Although [R]ule 1004 provides that other evidence of a document's, photograph's, or recording's contents 'is admissible' if the original is lost or destroyed, the courts agree that evidence admissible under this rule 'still remains subject to other objections under the Evidence Rules and the Constitution.'") (quoting 31 Charles A. Wright & Victor J. Gold, Fed. Practice & Procedure: Evidence § 8013, at 442 (2000), and collecting cases). As noted above, Mrs. Smallwood's proffered testimony regarding the contents of this document is hearsay, and Plaintiff sets forth nothing to overcome his burden of establishing the existence of an exception to the rule against hearsay for the admission of this testimony. "[R]ule 1004(a) does not allow a person to come to court and testify about a document to prove that the statements in the document are true." Id. at 1286; cf., e.g., Owen v. United States, 34 F. Supp.2d 1071, 1075–76 (W.D. Tenn. 1998) (finding that, where the plaintiffs alleged that they paid additional taxes on

condominiums but could not find the receipts or other proof of payment, although Rule 1004(a) permitted their accountant's testimony about the receipts and proof of payment, the rule against hearsay precluded their accountant's testimony for the truth of the matter asserted that plaintiffs made those payments).

## CONCLUSION

Based on the foregoing, the Court **DENIES** Plaintiff's construed Motion in Limine. On the record currently before the Court, Plaintiff is not permitted to elicit testimony and evidence from Mrs. Smallwood relating to the contents or existence of a document detailing the pay rates of T&A Farms' employees that she claims to have seen while she worked at T&A Farms.

**SO ORDERED**, this 21st day of April, 2017.

R. STAN BAKER
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA