# In the United States District Court
# for the Southern District of Georgia
# Waycross Division

JOHN SMALLWOOD,

    Plaintiff,

              v.

T&A FARMS, TIMOTHY DALE DAVIS, ALPHINE DAVIS, and STACEY DINWIDDIE,

    Defendants.

No. 5:14-CV-87

## ORDER

Defendants' Bill of Costs, dkt. no. 120, will be **TAXED in part** to Plaintiff for the reasons below.

### Background

Represented by counsel, Plaintiff sued Defendants for race discrimination on October 28, 2014. Dkt. No. 1. Defendants prevailed at a jury trial that concluded on April 26, 2017. Dkt. No. 117. Defendants filed their bill of costs on May 10, 2017. Dkt. No. 120. The bill is fully briefed and ripe for disposition. Dkt. Nos. 123-27.

### Legal Standard

Costs that are statutorily authorized are presumptively allowed to a prevailing party. Fed. R. Civ. P. 54(d)(1);

Grady v. Bunzl Packaging Supply Co., 161 F.R.D. 477, 478 (N.D. Ga. 1995) (citing W. Va. Univ. Hosps., Inc. v. Casey, 499 U.S. 83 (1991)). "The non-prevailing party bears the burden of demonstrating that a challenged cost is not taxable." United States v. Aegis Therapies, Inc., No. CV 210-72, 2015 WL 8677972, at *2 (S.D. Ga. Dec. 11, 2015). The district court has discretion not to award costs. Chapman v. AI Transp., 229 F.3d 1012, 1038 (11th Cir. 2000) (en banc). But that discretion "is not unfettered." Id. at 1039 (citing Head v. Medford, 62 F.3d 351, 354-55 (11th Cir. 1995) (per curiam)). "To defeat the presumption and deny full costs, a district court must have and state a sound basis for doing so." Id.

"[A] non-prevailing party's financial status is a factor that a district court may, but need not, consider . . . ." Id.; see also Ang v. Coastal Int'l Sec., Inc., 417 F. App'x 836, 838 (11th Cir. 2011) (per curiam). "If a district court . . . chooses to consider the non-prevailing party's financial status, it should require substantial documentation of a true inability to pay." Id. "Moreover, when awarding costs a district court should not consider the relative wealth of the parties." Id. "Even in those rare circumstances where the non-prevailing party's financial circumstances are considered . . ., a court may not decline to award any costs at all." Id.

**DISCUSSION**

Some of the costs sought by Defendants will be taxed.

**I. SERVICE COSTS ARE TAXED.**

Plaintiff first contends that "fees of services of summons of subpoena" cannot be taxed. Dkt. No. 123 at 3. Defendants actually sought to tax "[f]ees for service of summons and subpoena." Dkt. No. 120 at 1. Such a cost category appears on this Court's standard bill of costs, see id., and it is statutorily authorized even though Defendants used a private process-server. U.S. EEOC v. W&O, Inc., 213 F.3d 600, 623-24 (11th Cir. 2000).

**II. DEFENDANTS' TRANSCRIPT TAX IS REDUCED DUE TO AN UN-ITEMIZED RECEIPT.**

The transcription cost requested by Defendants must be reduced. The invoice they provided is not itemized—it simply states that $1613.80 is due for the original and a copy of three different depositions. Dkt. No. 120 at 6. This "does not preclude an award of costs when counsel declares under penalty of perjury that the costs are correct and necessarily incurred." Frischhertz v. SmithKline Beechan Corp., Civ. A. No. 10-2125, 2013 WL 3894021, at *4 (E.D. La. July 26, 2013); see also Hassinger v. JP Morgan Chase & Co., Civ. A. No. 06-2931, 2009 WL 2382960, at *1 (E.D. La. July 27, 2009). Here, counsel made such a declaration. Dkt. No. 120 at 1.

But, as Plaintiff points out, the invoice might reflect impermissible costs like "delivery fees[ ] [and] shipping handling charges." Dkt. No. 123 at 4. This objection is valid. See United States ex rel. King v. Solvay S.A., Civ. A. No. H-06-2662, 2016 WL 3523873, at *4-5 (S.D. Tex. June 28, 2016), appeal filed, 2016 WL 3523873 (5th Cir. Aug. 1, 2016); Am. Guarantee & Liab. Ins. Co. v. U.S. Fidelity & Guar. Co., No. 4:06CV655, 2010 WL 1935998, at *12 (E.D. Mo. May 10, 2010). To find the proper reduction, the Court observes that the United States Postal Service offers priority, one-day, flat-rate shipping for three-pound envelopes from the transcript company's zip code to defense counsel's for $23.85. *Postage Price Calculator*, USPS.COM, https://goo.gl/EQYjtG. Multiplying that by three for the number of transcripts here, the Court reduces Defendants' transcript bill by $71.55, to $1542.25.

**III. DEFENDANTS' COPYING TAX IS REDUCED.**

Defendants' copying cost must also be cut, for three reasons. A party cannot tax costs for copies of documents it possesses. Lumara Health Ltd. v. Reese, No. 1:12-CV-2491, 2014 WL 11858152, at *2 (N.D. Ga. July 15, 2014); Fulton Fed. Sav. & Loan Ass'n of Atlanta v. Am. Ins. Co., 143 F.R.D. 292, 300 (N.D. Ga. 1991). Therefore, "Defendants' copy of the discovery that Defendants produced to Plaintiffs . . . [is]

not recoverable" unless the original documents were tendered to Plaintiffs. Bell v. Callaway Partners, LLC, No. 1:06-CV-1993, 2011 WL 13175079, at *3 (N.D. Ga. June 1, 2011); Fressell v. AT & T Tech., Inc., 103 F.R.D. 111, 115 (N.D. Ga. 1984). Copies for clients are not taxable. Barrington v. Lockheed Martin Corp., No. 6:05-CV-1601, 2007 WL 1303032, at *5 (M.D. Fla. May 3, 2007). And Defendants here sought to tax a copy of each deposition from the transcript reporter, see dkt. no. 120-1 at 6, then redundantly sought to tax two more under the guise of copying. Id. at 10.

Therefore, the only copy costs that will be taxed are for:

- Consolidated Pretrial Order (counsel copy): 70 pages

- Joint Statement for Trial (counsel copy): 2 pages

- Joint Proposed Verdict Form (counsel copy): 7 pages

- One copy of each discovery pleading (assuming either the originals or one copy were sent to Plaintiffs), other than Defendants' Initial Disclosures, which were not provided to Plaintiffs: 43 pages

- One copy of each document Defendants produced to Plaintiffs (assuming either the originals or one copy were sent to Plaintiffs): 1047 pages

- One copy of trial exhibits: 567 pages

At 25 cents per page, see dkt. no. 120-1 at 11, this means the taxable copying costs come out to $434.

AO 72A
(Rev. 8/82)

**IV. WITNESS COSTS ARE TAXED.**

Defendants appear to have miscalculated their witness mileage reimbursements. Dkt. No. 120 at 2 (identifying incorrect distances); Dkt. No. 124 at 2 (citing incorrect mileage-reimbursement rate). The current mileage rate is $0.535/mile. 28 U.S.C. § 1821(c)(2); *Privately Owned Vehicle Mileage Reimbursement Rates*, GSA, https://www.gsa.gov/portal/content/100715 (last accessed June 26, 2017). According to Google Maps, the distance from home to the court for each of Defendants' witnesses is:

- Ellie Thrift: 2.1 miles (assuming the farthest point down Glenmore Ave., as nothing narrower is allowed)
- Cynthia Matthews: 30.9 miles
- Nicole Smallwood: 31.4 miles
- Lee Spikes: 15.9 miles

The witness fees must therefore be reduced to $202.96.

**V. PLAINTIFF'S FINANCIAL STATUS IS INSUFFICIENTLY DOCUMENTED.**

Lastly, Plaintiff asks "that given his financial position . . . the Court not allow any costs to be awarded." Dkt. No. 123 at 7. This would violate binding precedent. Chapman v. AI Transp., 229 F.3d 1012, 1039 (11th Cir. 2000). Nevertheless, the Court did let Plaintiff submit the "substantial documentation" of his inability to pay that the Eleventh Circuit requires before a cost *reduction* is allowed.

6

Dkt. No. 125. Plaintiff only filed the unsupported statements of his counsel, plus four paystubs. Dkt. Nos. 126, 126-1.

Counsel's statements are "insufficient to overcome the presumption that costs should be awarded." Small v. Ford Mot. Co., No. 12-80841-CIV, 2015 WL 203178, at *1 (S.D. Fla. Jan. 14, 2015). So are the four paystubs. They "do not provide any evidence concerning [Plaintiff's] assets, as opposed to [his] current income." Perez v. Saks Fifth Ave., Inc., No. 07-21794-CIV, 2011 WL 13172510, at *11 (S.D. Fla. Feb. 14, 2011). "Plaintiff has not set forth the details of his monthly expenses and other debts, or how he supports himself." Yurus v. Variable Annuity Life Ins. Co., No. 4:01CV17, 2006 WL 2131309, at *5 (N.D. Fla. July 28, 2006). Nor has he provided documentation as to "whether there is any additional income or marital property to which he has access." Gonzales v. Pasco Cty. Bd. of Cty. Comm'rs, No. 8:11-CV-1397, 2013 WL 1810820, at *4 (M.D. Fla. Apr. 29, 2013). "In sum, Plaintiff[ ] ha[s] failed to provide a complete picture of [his] financial status . . . ." Liese v. Indian River Mem. Hosp., Inc., No. 09-14388-CIV, 2011 WL 13112249, at *2 (S.D. Fla. May 24, 2011).

Nevertheless, the Court suspects that Plaintiff could establish indigence meriting a further reduction in costs. If he does seek further reduction in costs, he must file within **7**

AO 72A
(Rev. 8/82)

**days** of today's Order the appended financial-information report. Said information should be filed under seal.

## CONCLUSION

For the reasons above, the taxable portion of Defendants' bill of costs currently stands at—

Fees for service of summons and subpoena: $277.60

Transcript costs: $1542.25

Copying costs: $434

Witness fees: $202.96

**TOTAL: $2456.81**

The final amount to be taxed will be determined following Plaintiff's election as to whether to properly document his stated indigence within **7 days** of today's Order.

**SO ORDERED**, this 29th day of June, 2017.

                                           HON. LISA GODBEY WOOD, JUDGE
                                           UNITED STATES DISTRICT COURT
                                           SOUTHERN DISTRICT OF GEORGIA

# In the United States District Court for the Southern District of Georgia Waycross Division

| | |
|---|---|
| JOHN SMALLWOOD,<br><br>    Plaintiff,<br><br>              v.<br><br>T&A FARMS, TIMOTHY DALE DAVIS, ALPHINE DAVIS, and STACEY DINWIDDIE,<br><br>    Defendants. | No. 5:14-CV-87 |

### AFFIDAVIT ACCOMPANYING RESPONSE IN OPPOSITION TO DEFENDANTS' BILL OF COSTS

| Affidavit in Support of Motion | Instructions |
|---|---|
| I swear or affirm under penalty of perjury that, because of my poverty, I cannot pay the entire amount of the costs Defendants seek to tax. I believe I am entitled to redress. I swear or affirm under penalty of perjury under United States laws that my answers on this form are true and correct. | Complete all questions in this application and then sign it. Do not leave any blanks: if the answer to a question is "0," "none," or "not applicable (N/A)," write in that response. If you need more space to answer a question or to explain your answer, attach a separate sheet of paper identified with your name, your case's docket number, and the question number. |
| Signed: | Date: |

1. *For both you and your spouse estimate the average amount of money received from each of the following sources during the past 12 months. Adjust any amount that was received weekly, biweekly, quarterly, semiannually, or annually to show the monthly rate. Use gross amounts, that is, amounts before any deductions for taxes or otherwise.*

| Income source | Average monthly amount during the past 12 months | | Amount expected next month | |
|---|---|---|---|---|
| | You | Spouse | You | Spouse |
| Employment | $ | $ | $ | $ |
| Self-employment | $ | $ | $ | $ |
| Income from real property (such as rental income) | $ | $ | $ | $ |
| Interest and dividends | $ | $ | $ | $ |
| Gifts | $ | $ | $ | $ |
| Alimony | $ | $ | $ | $ |
| Child support | $ | $ | $ | $ |
| Retirement (such as social security, pensions, annuities, insurance) | $ | $ | $ | $ |
| Disability (such as social security, insurance payments) | $ | $ | $ | $ |
| Unemployment payments | $ | $ | $ | $ |
| Public-assistance (such as welfare) | $ | $ | $ | $ |
| Other (specify): | $ | $ | $ | $ |
| **Total monthly income:** | $ | $ | $ | $ |

2. *List your employment history for the past two years, most recent employer first. (Gross monthly pay is before taxes or other deductions.)*

| Employer | Address | Dates of employment | Gross monthly pay |
|---|---|---|---|
|  |  |  | $ |
|  |  |  | $ |
|  |  |  | $ |

3. *List your spouse's employment history for the past two years, most recent employer first. (Gross monthly pay is before taxes or other deductions.)*

| Employer | Address | Dates of employment | Gross monthly pay |
|---|---|---|---|
|  |  |  | $ |
|  |  |  | $ |
|  |  |  | $ |

4. *How much cash do you and your spouse have? $_____*

   *Below, state any money you or your spouse has in bank accounts or in any other financial institution.*

| Financial Institution | Type of Account | Amount you have | Amount your spouse has |
|---|---|---|---|
|  |  | $ | $ |
|  |  | $ | $ |
|  |  | $ | $ |

5. *List the assets, and their values, which you own or your spouse owns. Do not list clothing and ordinary household furnishings.*

| Home | Other real estate | Motor vehicle #1 |
|---|---|---|
| (Value) $ | (Value) $ | (Value) $ |
| | | Make and year: |
| | | Model: |
| | | Registration #: |

| Motor vehicle #2 | Other assets | Other assets |
|---|---|---|
| (Value) $ | (Value) $ | (Value) $ |
| Make and year: | | |
| Model: | | |
| Registration #: | | |

6. *State every person, business, or organization owing you or your spouse money, and the amount owed.*

| Person owing you or your spouse money | Amount owed to you | Amount owed to your spouse |
|---|---|---|
| | $ | $ |
| | $ | $ |
| | $ | $ |
| | $ | $ |

7. *State the persons who rely on you or your spouse for support.*

| Name [or, if under 18, initials only] | Relationship | Age |
|---|---|---|
| | | |
| | | |
| | | |

8. *Estimate the average monthly expenses of you and your family. Show separately the amounts paid by your spouse. Adjust any payments that are made weekly, biweekly, quarterly, semiannually, or annually to show the monthly rate.*

|  | You | Your Spouse |
|---|---|---|
| Rent or home-mortgage payment (include lot rented for mobile home)<br>    Are real estate taxes included?<br>[ ] Yes   [ ] No<br>    Is property insurance included?<br>[ ] Yes   [ ] No | $ | $ |
| Utilities (electricity, heating fuel, water, sewer, and telephone) | $ | $ |
| Home maintenance (repairs and upkeep) | $ | $ |
| Food | $ | $ |
| Clothing | $ | $ |
| Laundry and dry-cleaning | $ | $ |
| Medical and dental expenses | $ | $ |
| Transportation (not including motor vehicle payments) | $ | $ |
| Recreation, entertainment, newspapers, magazines, etc. | $ | $ |
| Insurance (not deducted from wages or included in mortgage payments) | | |
|     Homeowner's or renter's: | $ | $ |
|     Life: | $ | $ |
|     Health: | $ | $ |
|     Motor vehicle: | $ | $ |
|     Other: | $ | $ |
| Taxes (not deducted from wages or included in mortgage payments) (specify): | $ | $ |
| Installment payments | | |
|     Motor Vehicle: | $ | $ |

| | | |
|---|---|---|
| Credit card (name): | $ | $ |
| Department store (name): | $ | $ |
| Other: | $ | $ |
| Alimony, maintenance, and support paid to others | $ | $ |
| Regular expenses for operation of business, profession, or farm (attach detailed statement) | $ | $ |
| Other (specify): | $ | $ |
| **Total monthly expenses:** | **$** | **$** |

9. *Do you expect any major changes to your monthly income or expenses or in your assets or liabilities during the next 12 months?*

    [ ] No             If yes, describe on an attached sheet.

10. *Have you spent — or will you be spending — any money for expenses or attorney fees in connection with this lawsuit?*
    [ ] Yes [ ] No

    *If yes, how much?* $ _____

11. *Provide any other information that will help explain why you cannot pay the costs Defendants seek.*

12. *State the city and state of your legal residence.*

    *Your daytime phone number:* (____) _____

    *Your age:* _____   *Your years of schooling:* _____

    *Last four digits of your social-security number:* _____